UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHALIL ABLAEV (A-246-294-600), | Case No.  1:25-cv-2064 DJC CSK |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| KRISTI NOEM, et al., | |
| Respondents. | |

Petitioner Khalil Ablaev (A-246-294-600), a noncitizen, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his re-detention by U.S. Immigration and Customs Enforcement ("ICE").  (ECF No. 1.)  Petitioner argues that his re-detention violates the Administrative Procedure Act (claims one, two, three and four), his due process rights under the Fifth Amendment (claims five and six), and the Fourth Amendment (claim seven).  (Id. at 14-19.) For the following reasons, this Court recommends that the petition be granted.

## I.      LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure

1

release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

**II.    DISCUSSION**

On December 30, 2025, petitioner filed his habeas petition and a motion for a temporary restraining order. (ECF Nos. 2, 5.) On January 1, 2026, the district court stated that the issues raised therein appeared to mirror those previously addressed in many prior cases. (ECF No. 6 (citing Mariagua v. Chestnut, No. 1:25-cv-01744 DJC CKD (E.D. Cal. Dec. 11, 2025) (granting temporary restraining order and ordering immediate release of immigration detainee based on finding that petitioner likely to succeed on claim that her re-detention without a hearing violated her Fifth Amendment right to due process); Ortega v. Noem, No. 1:25-cv-1663 DJC CKD (E.D. Cal. Dec. 8, 2025) (same); Souza v. Robbins, No 1:25-cv-01597 DJC JDP (E.D. Cal. Nov. 23, 2025) (same)). The district court directed respondents to show cause whether there are any factual or legal issues in this case that render it distinct from the district court's prior orders in the cases listed above and would justify denial of a preliminary injunction. (Id.) On January 5, 2026, respondents filed an opposition to the motion for a temporary restraining order. (ECF No. 9.) In the opposition, respondents argued that petitioner is an "applicant for admission" within the meaning of 8 U.S.C. § 1225, but also acknowledged that this case does not appear to present any facts distinguishing it substantively from the four cases cited above by the district court in the January 1, 2026 order. (Id. at 6-14.) On January 7, 2026, the district court noted respondents' concession that there are no factual or legal issues in this case that render this case distinct from the four cases cited above, converted petitioner's motion for a temporary restraining order to a motion for preliminary injunction and granted the injunction. (ECF No. 11.) In addition to granting petitioner's immediate release, the district court enjoined and restrained respondents

from re-arresting or re-detaining petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating petitioner's arrest and detention and a timely hearing.  (Id.)  The district court ordered that at this hearing, the government shall bear the burden of establishing by clear and convincing evidence that petitioner poses a danger to the community or a risk of flight, and petitioner shall be allowed to have counsel present.  (Id.)  The district court referred this action to the assigned magistrate judge for further proceedings.  (Id.)

On February 20, 2026, in response to this Court's order requiring a joint status report, the parties agreed that no additional briefing was needed on the merits of the underlying petition, and that the Court may decide the petition on the basis of all briefing filed to date.  (ECF No. 13.)

Where the record before the district court has not changed since the district court's ruling on the motion for a temporary restraining order and request for a preliminary injunction, this Court recommends that the petition for writ of habeas corpus be granted based on a finding that respondents violated petitioner's Fifth Amendment due process rights by re-detaining him and continuing to detain him without a hearing (claims five and six).  The parties do not dispute that petitioner was detained and then paroled into the interior of the United States on or around November 14, 2022.  (See ECF No. 9 at 5-6.)  Petitioner was re-detained by U.S. Immigration and Customs Enforcement ("ICE") on either October 21, 2025 or December 14, 2025.  (See id. at 6.)  Petitioner claims, and respondents do not dispute, that petitioner was re-detained without a hearing where he could challenge his re-detention.  (ECF No. 1 at 8-9; ECF No. 9.)  As the district court explained, in Mariagua, Ortega and Souza, holding a petitioner who was released into the country by immigration officials and then re-detaining them without a hearing violates the Fifth Amendment due process clause.  See 12/11/2025 Order at 5-7, Mariagua, No. 1:25-cv-01744 DJC CKD (ECF No. 11); 12/8/2025 Order at 5-7, Ortega, No. 1:25-cv-01663 DJC CKD (ECF No. 11); 11/23/2025 Order at 5, Souza, No. 1:25-cv-01597 DJC JDP (ECF No. 10). Because the resolution of petitioner's due process claims (five and six) provide the relief requested, the Court need not reach claims one, two, three, four and seven.

/ / /

This Court further recommends that a permanent injunction be issued enjoining and restraining respondents from re-detaining petitioner unless the government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

## III.   CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  The petition for writ of habeas corpus be GRANTED as to claims five and six (due process).

2.  A permanent injunction be issued enjoining and restraining respondents from re-detaining petitioner Khalil Ablaev (A-246-294-600) unless the government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that physical custody is legally justified.  Petitioner shall be allowed to have his counsel present at any such hearing.  This injunction does not address other circumstances where detention authority is established under different authority than what is presented in this case (e.g., 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231).

3.  The Clerk of Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within **seven** days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 2, 2026

Abla2064.157.imm/2

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4